IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DARLENE L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-0122-CV-W-GAF |
| | ) | |
| ROCKY MOUNTAIN ALLTRANS, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANTS' MOTION FOR PSYCHOLOGICAL EXAM

Presently before the Court is Defendants Rocky Mountain Alltrans, Inc. and David B. Griffen's (collectively "Defendants") Motion to Compel Plaintiff to Submit to a Psychological Evaluation Pursuant to Rule 35 and for 14 Days Thereafter to Make Its Expert Disclosure. (Doc. #35). Defendants argue Plaintiff Darlene L. Smith ("Plaintiff") has put her psychological health at issue in this case by alleging injuries to "her neck, back and head, including but not limited to, loss of consciousness, loss of memory, headaches, irritability, and loss of concentration." (*See* Plaintiff's Amended Complaint (Doc. #17), ¶ 9; Doc. #35). Defendants also offer comments made by Dr. Jeffrey MacMillan ("Dr. MacMillan"), an orthopedic surgeon, relating to his opinion Plaintiff would "benefit" from a psychological evaluation to support their Motion. Plaintiff opposes. (Doc. #38).

Under Fed. R. Civ. P. 35(a), a court has discretion to order a party whose mental or physical condition is in controversy to "submit to a physical or mental examination by a suitably licensed or certified examiner." However, before a court may so order a party, certain conditions must be met. First, the party seeking the examination must demonstrate "good cause" for the request and must give notice to all parties to be examined. Fed. R. Civ. P. 35(A)(2)(a). Second, the "time, place,

1

manner, conditions, and scope of the examination, as well as the person or persons who will perform it" must be set. Fed. R. Civ. P. 35(A)(2)(b).

In this case, the Court finds Defendants have failed to demonstrate good cause for the requested examination and have failed to sufficiently set forth the manner, conditions, and scope of the examination. First, Defendants have failed to demonstrate Plaintiff has placed her psychological health squarely at issue in the case. Plaintiff's allegations all relate to her alleged *physical* injuries to her "neck, back and head." Plaintiff makes no claims relating to any definable psychologic symptom. Further, Defendants' argument that Dr. MacMillan's opinion that Plaintiff would "benefit" from a psychological examination because he believed Plaintiff's complaints of various symptoms were not verified by his examination demonstrates good cause for the present request is without merit. Allowing Defendants to compel Plaintiff to submit to a psychological examination on this bases would logically open the door to the allowance of all psychological examination requests by any defendant so long as the defendant's retained physician notes discrepancies between symptoms complained of by a plaintiff and those that the physician believes are medically verifiable, a very frequent scenario in personal injury cases generally, and opines that such discrepancies might be attributable to some psychological cause or condition. For these reasons, the Court finds Defendants have not demonstrated good cause for ordering Plaintiff to submit to a psychological evaluation.

Second, while Defendants have defined the time and place of the examination and the person selected to perform it, Defendants have failed to sufficiently establish the manner, conditions, or scope of the examination. Any order from the Court compelling Plaintiff to submit to an examination must set forth such information, and Defendants have not submitted any evidence or

information that the Court can use to do so.[1] Thus, Defendants have also failed to meet the requirements of Rule 35 due to the lack of specific information necessary to issue an order compelling Plaintiff to submit to a psychological examination.

Defendants have failed to demonstrate good cause for the requested examination and have failed to sufficiently set forth the manner, conditions, and scope of the examination. Accordingly, it is

**ORDERED** that Defendant's Motion is **DENIED**.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: March 25, 2010

---

[1] The Court notes Defendants were not allowed to reply to Plaintiff's Suggestions in Opposition to their Motion. *See* Doc. #36, Order Expediting Briefing. However, the expedited briefing schedule was necessitated by Defendants' desire to schedule the psychological examination 14 days from the date they filed the present Motion and the short time between Defendants' filing and the expiration of pertinent discovery deadlines.